# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **JAMES RENWICK MANSHIP, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:11CV00030 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **PAUL H. THOMSON, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*James Renwick Manship, Sr., Pro Se Plaintiff.*

In this pro se action, I grant the plaintiff's motion to proceed in forma pauperis, but dismiss the proposed Complaint for failing to state a claim upon which relief can be granted, because the plaintiff lacks standing to bring the action.

I

Plaintiff James Renwick Manship, Sr., proceeding pro se, filed this action alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, §§ 18 U.S.C.A. 1961-1968 (West 2000 & Supp. 2010), and demanding a new jury trial for one "Jeffrey Franklin Washington," an inmate allegedly housed at the state Greenville Correctional Facility in Jarratt, Virginia.

In the present pleadings, Manship also self-identifies as part of the "God and Country Foundation," "Chaplain" of the "Amos 5:15 Project – 'Remodel your

Courts into True Halls of Justice,'" "Authorized Advocate" for Washington, and "Next Friend," of the daughter of "murder victim Carlos Marshall." Manship alleges that the defendants, members of Virginia law enforcement and the Virginia court system involved in Washington's prosecution, conspired to wrongly convict Washington. This is the second time Manship has filed suit regarding these allegations. I once before dismissed his action for lack of standing. *See Manship v. Thomson*, No. 5:11CV00014, 2011 WL 1042331 (W.D. Va. Mar. 18, 2011).

Manship has properly applied to proceed in forma pauperis, an application which I will grant. However, 28 U.S.C.A. § 1915(e)(2)(B) (West 2006), provides that this court "shall dismiss" an action filed in forma pauperis "at any time if the court determines" that the action "fails to state a claim on which relief may be granted." Having reviewed Manship's proposed Complaint and supporting additional evidence, this action must also be dismissed for failure to state a claim.

Manship attempts to assert claims on Washington's behalf to vindicate Washington's alleged wrongful conviction. He also attempts to assert claims as the "next friend" of the "daughter of murder victim Carlos Marshall" on the theory that the daughter wishes to see her father's true murderer brought to justice.

In every federal case, the party bringing the suit must establish standing to bring the proposed action. Standing is the legal term describing "whether the litigant is entitled to have the court decide the merits of the dispute or of particular

issues." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (quotation marks and citation omitted). Without standing, a litigant cannot bring a claim upon which relief can be granted.

An individual "unquestionably has the right to litigate his *own* claims in federal court." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis added) (citing 28 U.S.C.A. § 1654 (West 2006)). However, the right to litigate on one's own behalf does not create a right to litigate on behalf of another person. *See id.* (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). In other words, absent certain narrow exceptions, an individual seeking to litigate someone else's claims is without standing and cannot bring a lawsuit.

Manship argues that he has standing pursuant to Virginia's Uniform Power of Attorney Act, Va. Code Ann. § 26-72 (2000), or alternatively, under a "next friend" theory. Both theories are unsuccessful. First, Manship misinterprets the Virginia statute. A power of attorney does not grant an individual the power to act as an attorney. The practice of law is limited to pro se litigants seeking to vindicate their own rights and licensed attorneys admitted to practice before the court. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Manship is neither.

Furthermore, Manship cannot bring suit under a "next friend" theory. "Next friend" standing in federal court requires the proposed "next friend" to show that the real party in interest is unable to litigate her own case as a result of mental incapacity, lack of access to court, or other similar disability. *Akers v. Angelone*, 147 F. Supp. 2d 447, 451 (W.D.Va. 2001). Usually next friend status is asserted by a parent on behalf of a child. *See, e.g. Brown v. Gilmore*, 258 F.3d 265 (4th Cir. 2001). Here, there is no showing to warrant "next friend" status.

II

For the foregoing reasons, the plaintiff's motion to proceed in forma pauperis will granted and the proposed Complaint will be dismissed.

DATED: April 19, 2011

/s/ James P. Jones
United States District Judge